FILED

2011 AUG 30 PM 12: 08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICHOLAS BEDNARZ,

CASE NO.: 5:11-cv-506-Oc-34TBS

Plaintiff,

vs.

PAT THE PLUMBER, INC., A
FLORIDA CORPORATION, AND
PATRICK WALSH, SR.,
INDIVIDUALLY,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS BEDNARZ, by and through the undersigned attorney, sues the Defendants, PAT THE PLUMBER, INC., a Florida Corporation, and PATRICK WALSH, SR., Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201

2. Plaintiff was an hourly paid employee performing plumber apprentice activities within the last three years for Defendants in Sumter County, Florida, among other locations.

3. Plaintiff worked for Defendants from approximately August 2009 to April 23, 2010.

4. Defendant, PAT THE PLUMBER, INC., is a Florida Corporation that operates and

conducts business in, among others, Sumter County, Florida and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, PATRICK WALSH, SR. was an individual resident of the State of Florida, who owned and operated PAT THE PLUMBER, INC., and who regularly exercised the authority to: (a) hire and fire employees of PAT THE PLUMBER, INC.; (b) determine the work schedules for the employees of PAT THE PLUMBER, INC., and (c) control the finances and operations of PAT THE PLUMBER, INC. By virtue of having regularly exercised that authority on behalf of PAT THE PLUMBER, INC., PATRICK WALSH, SR. is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiff's Florida Constitution claim pursuant to 28 U.S.C. §1367.

8. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), in that Defendants employed two or more employees engaged in interstate commerce and Defendants earned more than $500,000.00 in annual revenue.

9. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of routine and repeated phone calls outside the State of Florida to warranty companies.

10. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for each overtime hour worked.

11. Specifically, Defendants did not pay Plaintiff for all wait time he suffered, and for time spent unloading the truck each day. Also, Defendants failed to include bonuses given to Plaintiff in his regular rate of pay for overtime compensation.

12. Defendants were investigated by the Department of Labor, and were found to have violated the FLSA in regard to Plaintiff. Attached as Exhibit A is a true and correct copy of the Department of Labor's letter to Plaintiff advising him that he was entitled to compensation and that the Defendants refused to pay the amounts owed.

13. As a result of Defendants' refusal to pay, Plaintiff has been forced to hire counsel to recover his unpaid wages.

14. Additionally, Defendants did not pay Plaintiff for his last week of work, which violates the minimum wage provisions of the FLSA and Florida Constitution.

15. Plaintiff and his counsel contacted Defendants prior to the filing of this suit to recover these wages owed, but Defendants still refuse to pay any amount to Plaintiff.

16. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each

hour worked in excess of forty (40) per work week.

19. During his employment with Defendants, Plaintiff worked overtime hours but was not paid overtime compensation for each hour worked, including waiting time and loading time.

20. Defendants also violated the FLSA by failing to include bonuses in the regular rate of pay.

21. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

22. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

23. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS BEDNARZ, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

25. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

26. Defendants did not pay Plaintiff any compensation for his last week of work with Defendants.

27. Plaintiff has demanded proper compensation for this week of work with Defendants, but Defendants have refused to pay any amount to Plaintiff.

28. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during his last week of work with Defendants.

29. Defendants willfully failed to pay Plaintiff the minimum wage for his last week of work contrary to 29 U.S.C. § 206.

30. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS BEDNARZ, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

33. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

34. Defendants did not pay Plaintiff any compensation for his last week of work with

Defendants.

35. Plaintiff has demanded proper compensation for this week of work with Defendants, but Defendants have refused to pay any amount to Plaintiff.

36. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during his last week of work with Defendants.

37. Defendants willfully failed to pay Plaintiff the minimum wage for one his last week of work contrary to Article X, Section 24 of the Florida Constitution.

38. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for his last week of work with Defendants.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS BEDNARZ, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV – DECLARATORY RELIEF

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

41. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

42. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

43.     Plaintiff may obtain declaratory relief.

44.     Defendants, PAT THE PLUMBER, INC., a Florida Corporation, and PATRICK WALSH, SR., Individually, employed Plaintiff.

45.     Plaintiff is individually covered by the FLSA by his routine and repeated phone calls out of the state.

46.     Defendants failed to pay Plaintiff for all hours worked and failed to pay him his final paycheck.

47.     Plaintiff are entitled to overtime compensation pursuant to 29 U.S.C. § 207 and minimum wages pursuant to 29 U.S.C. § 206.

48.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

49.     Defendants did not rely upon a good faith defense in their decision to not pay Plaintiff for all hours work and to not pay Plaintiff his last paycheck.

50.     Plaintiff is entitled to an equal amount of liquidated damages.

51.     It is in the public interest to have these declarations of rights recorded.

52.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

53.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

54.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NICHOLAS BEDNARZ, demands a declaration of rights finding that an employer-employee relationship existed, that Plaintiff worked hours over forty

hours in a workweek without receiving full overtime compensation pursuant to the FLSA, that Plaintiff was not paid his final paycheck by Defendants, that Defendants failed to keep accurate time records, that Defendants had a legal duty to pay Plaintiff proper compensation pursuant to the FLSA, that Defendants failed to prove a good faith defense to these violations, and that Plaintiff is entitled to proper compensation, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Dated this 23 day of August, 2011.

/s/ C. Ryan Morgan
_____
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff

**EXHIBIT "A"**

# U.S. Department of Labor

**Wage and Hour Division**
Austin Laurel Building
4905 W. Laurel St., Suite 300
Tampa, FL  33607-3838
Direct: (813) 288-1242
Fax:  (813) 288-1240



March 1, 2011

Mr. Nicholas Bednarz
553 Silver Course Loop
Ocala, FL  34472

Subject:  Pat the Plumber, Inc.
          File No. 1581688

Dear Mr. Bednarz:

Based on the findings of a Fair Labor Standards Act (FLSA) investigation conducted by the Wage and Hour Division (WHD) of the above named employer, you were found to be owed $1,627.39 in unpaid overtime compensation calculated by the WHD for the employment period beginning 8/02/2009 ending 5/8/2010. Specifically, the above-named company violated the FLSA by failing to pay proper overtime compensation for engaged to wait time at the shop and/or failure to include the bonus into the regular rate for overtime purposes. The FLSA requires employers to pay each non-exempt employee covered by the Act no less than the federal minimum wage of $7.25 per hour and overtime premium pay at time and one-half the regular rate of pay for all hours worked in excess of 40 hours in a single workweek.

The WHD contacted the employer, explained the FLSA wage requirements, and requested payment of the wages owed to you. The employer would not agree to voluntarily pay the wages owed to you. The WHD has the authority to file court actions against employers who do not agree to voluntarily resolve violations of the FLSA. However, the WHD's resources do not permit it to litigate all of the cases for which it is unable to obtain the employer's agreement to pay. Consequently, it is necessary for the WHD to advise certain complainants that it will not pursue litigation on their behalf and advise them of other resources that may be available to them to resolve their claims.

The WHD is declining to litigate your complaint and will not take any further action on your behalf. **The decision by the WHD not to litigate your claim and to take no further action on your behalf does not affect your right to bring a private action in court under the FLSA to recover unpaid minimum wages or unpaid overtime compensation owed to you for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under section 16(b) of the FLSA.** The WHD does not encourage or discourage such legal action. The decision to pursue a private action is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area: 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter. Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance. The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may

*Working to Improve the Lives of America's Workers*

be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

If you choose to pursue a private action, you may request, using the "Request for Documents" sheet attached to this letter, the following documents to provide to the ABA attorney to whom you were referred:

1. Your personal complaint documents (e.g. written statements, records of hours worked, pay stubs) you provided to the WHD;
2. Back wage computations/WH-55 or equivalent, pertaining to you only;
3. Your interview statement;
4. Case File Investigation Narrative Report

If you choose to request documents numbers 1 – 3 above, the WHD will promptly provide the documents to you. If you include document number 4 above, your overall request will likely take longer to complete. Additional documents other than those noted above may be obtained by you or your attorney by making a Freedom of Information Act (FOIA) request in writing. Please note that information such as the names of other employees or witnesses that were a part of the investigation will not be provided as part of any request.

The Request for Documents should be sent to the following address:

Referral Document Request
U.S. Department of Labor
Wage and Hour Division
200 Constitution Avenue N.W., S-3502
Washington, D.C. 20210

Please keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that any part of a back wage claim which was earned more than two years before a lawsuit is filed may not be recoverable.

A copy of the Handy Reference Guide (HRG) to the FLSA is enclosed for your information. Please feel free to contact this office at 813-288-1242 if you have any questions regarding this letter.

Sincerely,

Jim Rogers
Assistant District Director

Enclosure: FLSA HRG