UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICHOLAS BEDNARZ,                    CASE NO.:5:11-CV-506-OC-34TBS

      Plaintiff,

vs.

PAT THE PLUMBER, INC., A
FLORIDA CORPORATION, AND
PATRICK WALSH, SR.,
INDIVIDUALLY,

      Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, NICHOLAS BEDNARZ (hereinafter "Plaintiff"), and Defendants, PAT THE PLUMBER, INC., A FLORIDA CORPORATION, AND PATRICK WALSH, SR., INDIVIDUALLY ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. A copy of the settlement agreement executed between the Parties is attached as **Exhibit "A."**

    **I**.    **Legal Principles and Analysis**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an

employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendants were both represented by experienced counsel.

The Parties agree that the instant action involves disputed issues, including primarily the number of hours actually worked by Plaintiff, and if overtime compensation was owed, whether liquidated damages are appropriate.

Plaintiff, who was an apprentice plumber for Defendants from August 2009 to April 2010, alleges that he was not paid for hours worked over 40 hours per week. Plaintiff alleges that he was also not paid for time in which he loaded and unloaded trucks twice each day. Defendants vehemently deny these allegations and allege that Plaintiff was paid for each and every hour that he worked, that Plaintiff was paid his last paycheck, that their time records are accurate, and that additional witnesses would testify that Plaintiff did not arrive early and perform work for which he was not paid. Before the initiation of this lawsuit, the Department of Labor investigated and found that Plaintiff was entitled to $1,627.39 in damages. *See* Exhibit A to Complaint (D.E. 1). Defendants refused to pay this amount on the grounds that the Department of Labor methodology was unsound and that the Department of Labor only looked at other employee's situations, not the Plaintiff's situation.

Plaintiff believed that he was actually owed more damages than the Department of Labor calculated. *See* D.E. 9-1. However, following the submission of these damages estimates and pursuant to this Court's Scheduling Order, Defendants provided a verified summary and documentation of hours worked.[1] These records showed that Plaintiff had been paid $3,170.45 in overtime compensation, which, when subtracted from Plaintiff's previous damage estimate, would amount to $1,802.05 in overtime damages. Plaintiff recognized that he had the burden to prove the Defendants' records were incorrect, and that such a proposition was risky with no certainty of a recovery.

The Parties met in person for several hours to try and resolve this matter, and following this meeting, an agreement was reached. The Parties exchanged several offers of settlement, and Plaintiff ultimately accepted Defendants' most recent settlement offer. Pursuant to this offer,

---

[1] Defendants also argue that these records would provide a good-faith defense to liquidated damages under the FLSA.

Plaintiff, NICHOLAS BEDNARZ, will receive a total amount of $1,627.39 in damages, which was the amount described in the Department of Labor letter, and his attorneys' fees and costs will be paid separately. The Parties agree this is a fair and reasonable settlement in light of Defendants' defenses, and the factual discrepancies between the Parties.

### II.    Terms of Settlement

The total gross (before deduction of required taxes and withholding) settlement Defendants have agreed to pay to settle all claims raised by Plaintiff and any legal fees due to his attorney, is $4,627.39. The total sum of $4,627.39 is to be allocated as follows:

A.    NICHOLAS BEDNARZ. The parties have agreed to settle Plaintiff's claims for a total of $1,627.39. After settlement negotiations and analyzing the factual and legal disputes, Plaintiff has agreed to accept the gross sum of $1,627.39 in overtime compensation to resolve his claims in full.

B.    ATTORNEY'S FEES/COSTS. Plaintiff's counsel will receive $3,000.00 in attorney's fees and costs. The parties have agreed this is a reasonable fee under the circumstances of this case, is below the lodestar actually expended, and was negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

### III.    Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

Respectfully submitted this 6th day of February, 2012.

| /s/ C. Ryan Morgan | /s/ Kenneth B. Schwartz |
| --- | --- |
| C. Ryan Morgan, Esq. | Kenneth B. Schwartz, Esq. |
| FLBN: 0015527 | FLBN: 478695 |
| Morgan & Morgan, P.A. | KENNETH B. SCHWARTZ, P.A. |

| | |
|---|---|
| 20 N. Orange Ave., 14th Floor<br>P.O. Box 4979<br>Orlando, FL 32802-4979<br>Telephone: (407) 420-1414<br>Facsimile: (407) 425-8171<br>Email: RMorgan@forthepeople.com<br>***Attorney for Plaintiff*** | 1803 South Australian Ave.<br>Suite F<br>West Palm Beach, FL  33409<br>Telephone: (561) 478-5056<br>Facsimile: (561) 296-9956<br>E-mail: KBS@flalaw.com<br>***Attorney for Defendants*** |