**EXHIBIT "A"**

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASES

This Settlement Agreement (hereinafter referred to as "Agreement") is entered into by and between **Nicholas Bednarz**, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to collectively as "Bednarz") and **Pat The Plumber, Inc.**, a Florida corporation, and **Patrick Walsh, Sr.**, an individual, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Bednarz and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Bednarz, and none of the Parties shall be considered a prevailing party for purposes of any lawsuit referenced herein.

WHEREAS, Bednarz was employed by Pat The Plumber, Inc., and Patrick Walsh, Sr.;

WHEREAS, Bednarz has alleged unlawful employment practices in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 210 *et seq.*, against The Released Parties by filing a lawsuit entitled *Nicholas Bednarz, Plaintiff, vs. Pat The Plumber, Inc., A Florida Corporation and Patrick Walsh, Individually, Case No. 5:11-cv-506-OC-34TBS (M.D. Fla.)*; and

WHEREAS, The Released Parties denied all material allegations of wrongful or unlawful conduct contained in the Complaint and contend that Bednarz was paid all compensation due him; therefore, Bednarz is not entitled to any relief whatsoever;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Released Parties agree to pay to Bednarz the total amount of Four Thousand Six

Hundred and Twenty Seven and 39/100 Dollars ($4,627.39) (the "Proceeds"), allocated as follows:

    A.    $1,627.39, payable to Nicholas Bednarz, representing unpaid overtime wages; and

    B.    $3,000.00, payable to his attorneys, Morgan & Morgan, P.A. , for attorneys' fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) the later of: (a) within ten (10) business days from the date Bednarz executes the agreement or (b) $2,313.69 on or before January 20, 2012, and $2,313.70 on or before February 24, 2012.

Bednarz' counsel shall not deposit any settlement checks or disburse any funds to him, his firm, or Bednarz until this settlement is approved and all lawsuits brought by Bednarz against The Released Parties have been dismissed with prejudice.

Bednarz agrees that no further payments are due and owing to him by The Released Parties as a result of his employment with Pat The Plumber, Inc., and/or Patrick Walsh, Sr.

Bednarz agrees that he shall be solely responsible for the payment of any federal, state, and/or local income and/or employment taxes and any F.I.C.A. payments or other payments that might be required to be paid by Bednarz or The Released Parties on account of any portion of the Proceeds referenced in Paragraph 1, herein above. Bednarz further covenants and agrees that he will hold harmless and indemnify The Released Parties, in either their representative or individual capacities, against any tax assessments or other penalties which may be made against The Released Parties or any other enumerated individual or entity herein, with respect to any portion of the Proceeds. Bednarz agrees that any and all liability of any kind incurred by The Released Parties due to the payment of the Proceeds will be borne solely by Bednarz. Bednarz shall not, however, be responsible for any tax penalty or liability caused by the actions or inactions of The Released

2

Parties, such as failure of any of The Released Parties to pay taxes he/it owes as an employer.

2. Bednarz agrees that this is a disputed claim and represents that he has been paid in full for all hours worked while employed with Pat The Plumber, Inc., and/or Patrick Walsh, Sr., including any overtime hours worked while in any non-exempt job position.

3. By entering into this Agreement, none of the Parties admits any liability, fault, or wrongdoing.

4. Bednarz agrees not to apply for, solicit, seek, or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, The Released Parties. Bednarz further agrees that The Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, The Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Bednarz, The Released Parties will give a neutral reference indicating only Bednarz' dates of employment, pay rate, and position.

5. Simultaneous with the execution of this Agreement, counsel for Bednarz shall file a Joint Stipulation of Dismissal With Prejudice as to any action pending in any court or agency Bednarz has filed against any of The Represented Parties arising out of his employment with any of The Represented Parties.

6. Confidentiality. The Parties agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement from the other party, or unless required to do so by force of law, each of the Parties agrees never to disclose the existence, facts, terms, or amounts of this Agreement, the Joint Stipulation of Dismissal, or the substance of the negotiations leading to either, to any person or entity, other than to such party's spouse, personal

counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to such persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, each of the Parties may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications with any present, former, or future employee of The Released Parties. Each of the Parties agrees that, if questioned about this settlement, the disposition of Bednarz' claims, or any other information made confidential by this provision, each of the Parties may say only: "The case was resolved" or words substantially to that effect. Furthermore, The Released Parties may discuss this Agreement with its managers for business purposes only (on an as-needed basis), and The Released Parties will instruct any managers to maintain the confidentiality of this Agreement. Any violation of this confidentiality provision by Bednarz shall constitute a material breach of this Agreement.

7. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each party hereby UNCONDITIONALLY, FULLY, AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing before the dates of this Agreement and up to the time of the execution of this Agreement by all parties, including, but not limited to, those directly or indirectly arising out of the Florida Whistleblower's Act, Americans with Disabilities Act, Title VII

4

of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Florida Civil Rights Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

8.   Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

9.   Bednarz represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Bednarz represents and warrants that he has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any portion of the Released Claims.

10.  If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12.  This Agreement is binding on each of the parties and their respective heirs, successors, and assigns.

13.  In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both

in law and equity, including injunctive relief. The prevailing party shall be entitled to recover his/its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Marion County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

15. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty, or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. The Parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

17. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different, or contrary facts shall in no way limit, waive, affect, or alter this Agreement.

18. Bednarz acknowledges that he has been advised to consult an attorney prior to signing this agreement. Bednarz understands that whether or not he consults with an attorney is his decision. In this respect, Bednarz has consulted with and been advised by C. Ryan Morgan,

6

Esquire, in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

19. This Agreement, consisting of seven (7) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions, and legal significance of this Agreement.

Date: 12-22-11                          _____
                                         NICHOLAS BEDNARZ


Date: 1-6-12                             _____
                                         Sign
                                         Print Name: PATRICK WALSH
                                         Representative of Pat The Plumber, Inc.


Date: 1-6-12                             _____
                                         PATRICK WALSH, SR.

7