UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICHOLAS BEDNARZ,

    Plaintiff,

v.                                                                Case No.  5:11-cv-506-Oc-MMH-TBS

PAT THE PLUMBER, INC., a Florida
corporation, and PATRICK WALSH, SR.,
individually,

    Defendants.
_____

ORDER

Pending before the Court is the parties' Joint Motion for Approval of Settlement. (Doc. 15) The parties request the Court approve their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The Court has examined the parties' Confidential Settlement Agreement and Mutual General Releases (Doc. 15-1), (the "Agreement"), and determined that it cannot recommend to the District Judge that the Agreement be approved. However, rather than recommend that the District Judge reject the Agreement outright, the Court will outline its concerns and provide the parties an opportunity to file a revised proposed settlement agreement on or before March 1, 2012.

I. Background

On August 30, 2011, Plaintiff, Nicholas Bednarz filed an action in federal court against his former employers Defendants, Pat the Plumber, Inc. and Patrick Walsh, Sr. for, inter alia, unpaid overtime compensation, unpaid minimum wages, and liquidated

damages. (Doc. 1 ¶¶ 1, 6, 17-39, 50) Plaintiff alleges he was an hourly paid employee who performed plumber apprentice services and Defendants (1) failed to pay him "for all wait time he suffered, and for time spent unloading the truck each day," (2) failed "to include bonuses given to Plaintiff in his regular rate of pay for overtime compensation," and (3) failed to "pay Plaintiff for his last week of work[.]" (Id. ¶¶ 2, 11, 14) Defendants admit they employed Plaintiff as a plumber apprentice but deny his allegations concerning overtime compensation, unpaid minimum wage, and liquidated damages. (Doc. 7 ¶¶ 2, 11, 14) Now, the parties represent that they have reached an agreement to resolve their dispute.

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The Court's assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). The Court has reviewed the terms of the Agreement within the framework set by these cases and their progeny and has concluded that the confidentiality and release clauses offend the principles of the FLSA. The Court is also concerned that Plaintiff has relinquished his claim to liquidated damages.

### (1) Confidentiality Clause

District courts within the Eleventh Circuit have uniformly rejected confidentiality provisions of FLSA settlement agreements and found them to be in contravention to the purpose of the FLSA. Dees, 706 F. Supp. 2d at 1242-43 ("A confidentially provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.") (emphasis added); see also Connor v. Educ. Servs. of Am., No. 3:10-cv-471-J-32JRK, 2011 U.S. Dist. LEXIS 149959, at * 2-3 n.2 (M.D. Fla. Dec. 27, 2011); Glass v. Krishna Krupa LLC, No. 10-mc-00027-CG-B, 2010 U.S. Dist. LEXIS 110139, at *2-4 (S.D. Ala. Oct. 15, 2010); Valdez v. T.A.S.O. Props., No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at * 3-4 (M.D. Fla. April 28, 2010).

Paragraph 6 of the Agreement contains a confidentiality clause that prohibits

either party from disclosing, inter alia, "the existence, facts, terms, or amounts" of the settlement agreement to "any person or entity, other than to such party's spouse, personal counsel or attorney, personal accountants, or personal tax preparer." (Doc. 15-1 at 4-5) Pursuant to the principles outlined in Dees, Connor, Glass, and Valdez, the Court finds the inclusion of this clause renders the entire Agreement unenforceable.

(2) Pervasive Release

District courts have found the scope of a pervasive release–that is, the release from any claims "known and unknown," or " past, present and future," or "statutory or common law"–is unfair and inconsistent with the aims of the FLSA. Moreno, 729 F. Supp. 2d at 1352-53 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."); see also Garrett v. Townley Foundry & Mach. Co., No. 5:11-cv-77-Oc-10TBS, 2012 U.S. Dist. LEXIS 3912, at *3-4 (M.D. Fla. Jan. 12, 2012). Consequently, an FLSA settlement agreement "that contains a pervasive release of unknown claims fails judicial scrutiny." Moreno, 729 F. Supp. 2d at 1352.

The release at paragraph 7 of the Agreement is the type of pervasive release district courts have found to be in contravention to the objectives of the FLSA. If enforceable, the release would bar Plaintiff from asserting claims he may not currently have knowledge of and which are wholly unrelated to his FLSA claim. If the parties intend to keep this provision in the settlement agreement, they must explain the value of the release (in dollars), how that value was determined, and why it is fair and reasonable.

(3) Liquidated Damages

The general rule is that "the FLSA's provisions are mandatory" and that an employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., No. 2:10cv390-MHT (WO), 2011 U.S. Dist. LEXIS 90767, at *16 (M.D. Ala. Aug. 15, 2011).  However, the Eleventh Circuit permits a plaintiff to compromise an FLSA claim "if the district court determines that the compromise is a fair and reasonable resolution of a bona fide dispute[.]" Dees, 706 F. Supp. 2d at 1236 (internal quotations omitted); see also Merriweather v. Latrese & Kevin Enters., No. 3:08-cv-836-J-32-TEM, 2011 U.S. Dist. LEXIS 25224, at *3 (M.D. Fla. Jan. 31, 2011) ("[I]n any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of Lynn's Food Stores.") (emphasis in original).

The Agreement compromises and disposes of Plaintiff's entitlement to liquidated damages.  The Court is concerned about the fairness and reasonableness of this compromise.  According to the Agreement, Defendants have promised to pay and Plaintiff has agreed to accept a total of $4,627.39, to be disbursed as follows: $1,627.39 representing unpaid overtime wages and $3,000.00 (payable to Plaintiff's counsel) for attorneys' fees and costs.  (Doc. 15-1 at 3) The Agreement does not mention liquidated damages.  Rather, it contains a stipulation that "[Plaintiff] Bednarz agrees that no further payments are due and owing to him by The Released Parties as a result of his employment with [Defendant,]" which would extinguish his claim to liquidated damages. (Id.)

In their motion, the parties state that throughout the course of this litigation they have disputed the appropriateness of liquidated damages.  (Doc. 15 at 2)  However, the

5

Court is unable to determine from the parties' papers whether Plaintiff knowingly and voluntarily compromised this FLSA right, or whether his waiver of liquidated damages was unintended, the result of disproportionate bargaining power, or on account of some other reason.  The parties should address this issue in a jointly-filed supplemental memorandum, not to exceed five (5) pages, to be filed on or before March 1, 2012.  In the alternative, if the parties elect to file a revised settlement agreement they may address this issue in their revised agreement.

### III. Conclusion

For the foregoing reasons, the Court will CARRY the parties' Joint Motion for Approval of Settlement (Doc. 15) until after March 1, 2012.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on February 16, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

All Counsel of Record