UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICHOLAS BEDNARZ,

    Plaintiff,

v.                                             Case No.  5:11-cv-506-Oc-MMH-TBS

PAT THE PLUMBER, INC., a Florida
corporation, and PATRICK WALSH, SR.,
individually,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is a Joint Motion for Approval of Settlement.  (Doc. 15). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The Court has examined the motion, the parties' joint response (Doc. 17), and the Amended Settlement Agreement ("Amended Agreement") (Doc. 18-1), and for the reasons set forth herein, respectfully recommends that the motion be GRANTED.

### I. Background

On August 30, 2011, Plaintiff, Nicholas Bednarz filed an action in federal court against his former employers Defendants, Pat the Plumber, Inc. and Patrick Walsh, Sr. for, inter alia, unpaid overtime compensation, unpaid minimum wages, and liquidated damages.  (Doc. 1 ¶¶ 1, 6, 17-39, 50).  Plaintiff alleges he was an hourly paid employee

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

who performed plumber apprentice services and Defendants (1) failed to pay him "for all wait time he suffered, and for time spent unloading the truck each day," (2) failed "to include bonuses given to Plaintiff in his regular rate of pay for overtime compensation," and (3) failed to "pay Plaintiff for his last week of work[.]" (Id. ¶¶ 2, 11, 14). Defendants admit they employed Plaintiff as a plumber apprentice but deny his allegations concerning overtime compensation, unpaid minimum wage, and liquidated damages. (Doc. 7 ¶¶ 2, 11, 14) On February 6, 2012, the parties advised the Court that they had reached an agreement to resolve their dispute. (Doc. 15). On February 16, 2012, the Court advised the parties that it had

> Reviewed the terms of the [Settlement] Agreement within the framework set by [prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010)] and their progeny and . . . concluded that the confidentiality and release clauses offend[ed] the principles of the FLSA. The Court also [expressed] concern[ ] that Plaintiff ha[d] relinquished his claim to liquidated damages.

(Doc. 16 at 3). The Court granted the parties leave to file a supplemental response and/or amended settlement agreement for the Court's consideration. (Id. at 6). On March 1, 2012, the parties filed a joint response and agreed to remove the confidentiality and general release clauses from the settlement agreement. (Doc. 17). The parties also advised the Court that "Plaintiff knowingly relinquished his right to liquidated damages to ensure a timely recovery of his overtime wages." (Id. at 2). The parties then incorporated these revisions into an amended settlement agreement that was filed with the Court on March 15, 2012. (Doc. 18-1)

II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The Court's assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

According to the Amended Agreement, Defendants have promised to pay and Plaintiff has agreed to accept a total of $4,627.39, to be disbursed as follows: $1,627.39 representing unpaid overtime wages and $3,000.00 (payable to Plaintiff's counsel) for attorneys' fees and costs. (Doc. 18-1 at 2-3) The settlement amount disbursed to

Plaintiff represents a substantial compromise of his FLSA claim—a fact over which the Court expresses some concern.

In his answers to the Court's interrogatories, Plaintiff asserted his entitlement to $10,742.60 in damages (Doc. 9-1 at 2), despite ultimately settling his claim for $1,627.39.  In the instant motion, Plaintiff explained his reasons for doing so.  He says,

> Before the initiation of this lawsuit, the Department of Labor investigated and found that Plaintiff was entitled to $1,627.39 in damages. See Exhibit A to Complaint (D.E. 1). Defendants refused to pay this amount on the grounds that the Department of Labor methodology was unsound and that the Department of Labor only looked at other employee's situations, not the Plaintiff's situation.
>
> Plaintiff believed that he was actually owed more damages than the Department of Labor calculated. See D.E. 9-1. However, following the submission of these damages estimates and pursuant to this Court's Scheduling Order, Defendants provided a verified summary and documentation of hours worked. These records showed that Plaintiff had been paid $3,170.45 in overtime compensation, which, when subtracted from Plaintiff's previous damage estimate, would amount to $1,802.05 in overtime damages. Plaintiff recognized that he had the burden to prove the Defendants' records were incorrect, and that such a proposition was risky with no certainty of a recovery.
>
> The Parties met in person for several hours to try and resolve this matter, and following this meeting, an agreement was reached. The Parties exchanged several offers of settlement, and Plaintiff ultimately accepted Defendants' most recent settlement offer. Pursuant to this offer, Plaintiff, NICHOLAS BEDNARZ, will receive a total amount of $1,627.39 in damages, which was the amount described in the Department of Labor letter, and his attorneys' fees and costs will be paid separately. The Parties agree this is a fair and reasonable settlement in light of Defendants' defenses, and the factual discrepancies between the Parties.

(Doc. 15 at 3-4).  Upon due consideration, the Court finds that the proposed compromise of Plaintiff's claim in this case is reasonable.  See <u>Kyles v. Health First, Inc.</u>, No. 6:09-cv-1248-Orl-28GJK, 2010 U.S. Dist. LEXIS 131558, at *8-9 (M.D. Fla. Dec. 3, 2010) (In her answers to the Court's interrogatories, the plaintiff claimed $179,358.38 in damages.  Pursuant to the settlement agreement, she agreed to accept $3,935.00 as a "full and final settlement" of her claims.  The Court determined that based of her explanation, the "compromise of Plaintiff's Claim in this case [was] reasonable."  The district judge later adopted the magistrate's report and recommendation in its entirety.

On the subject of attorneys' fees, the parties have agreed that the $3,000.00 to be paid Plaintiff's counsel is "below the lodestar actually expended, and was negotiated separately from Plaintiff's recovery without regard to the amount of Plaintiff's recovery." (Doc. 15 at II.B).  This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel.  See <u>Bonetti v. Embarq Management Co</u>, 715 F.Supp.2d 1222, (M.D. Fla. 2009).

### III. Conclusion

Accordingly, it is respectfully RECOMMENDED that:

1.     The parties' joint Motion for Approval of Settlement (Doc. 15) be GRANTED and the Amended Settlement Agreement (Doc. 18-1) be APPROVED by the district court as to parties to this action.

2.     This case be DISMISSED WITH PREJUDICE and that the Clerk be directed to close the file.

RESPECTFULLY RECOMMENDED at Ocala, Florida on March 16, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Marcia Morales Howard
United States District Judge

All Counsel of Record